Moneta, Appellant, v. Varnak et al.

Argued March 25, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Thomas F. Garrahan,* of *McIntosh & Garrahan,* with him *Lawrence M. Sebring,* for appellant.

480

*Paul N. Barna,* with him *William A. McConnel, Richard A. McConnel* and *Harold L. Roth,* for appellees.

PER CURIAM, September 30, 1940:

This appeal is from a decree determining that appellant, Rev. Gregory Moneta, has been regularly dismissed as pastor of St. John the Baptist Uhro-Rusin Greek Catholic Church of Ambridge, Pennsylvania, by lawful action of the congregation thereof.

The questions before us under appellant's assignments of error and statement of questions involved relate solely to whether there is competent evidence to support the chancellor's findings of fact, arrived at after hearings during the course of which approximately 1700 pages of testimony were taken and affirmed by the court en banc, particularly the finding that St. John's Church was organized and dedicated as, and is, a Greek Catholic church independent of all ecclesiastical authority other than the congregation itself and not, as appellant sought to establish, a Uniate Greek Catholic church. If there is any such evidence, the chancellor's conclusion of law, upon which the decree primarily rests, that the right to appoint and discharge pastors rests exclusively with the congregation of St. John's church, is not open to question: *Malanchuk et al. v. St. Mary's Greek Catholic Church of McKees Rocks et al,* 336 Pa. 385.

After a most careful consideration of all the evidence contained in the voluminous record in this case, we are of the unanimous opinion that it cannot be affirmed that any of the material findings of fact is clearly erroneous or unsupported by competent evidence. The evidence on which each of the findings was predicated is set forth at length in the opinion of the court below, covering nearly 250 printed record pages, and no useful purpose would be served by reviewing it here.

Decree affirmed at appellant's cost.